Dear Mayor Guitrau:
This office is in receipt of your Attorney General's opinion request, wherein you presented the following question as we understand it:
 Does the Village of French Settlement, along with the police department, have authority to request that the owner of two liquor stores cease selling items which constitute drug paraphernalia?
It is the opinion of this office that the Village of French Settlement, with the assistance of the police department, has the authority to request that the owner of the stores cease selling such paraphernalia.
The Louisiana Drug Paraphernalia Act, which includes Louisiana Revised Statutes 40:1021-1025, was enacted to further a legitimate state purpose in curbing societal drug abuse. The Act was upheld as constitutional inTobacco Accessories and Novelty Craftsmen Merchants Association ofLouisiana v. Treen, 681 F.2d 378 (5th Cir. 1982). The 5th Circuit in that case commented that a person "need not squint in the dark to perceive a link between the illegal use of drugs, particularly by youngsters, and items used to facilitate drug use." Id at 386.
Louisiana Revised Statute 40:1023 (formerly LA R.S. 40:1033) states, in pertinent part:
 A. It is unlawful for any person or corporation, knowing, or under circumstances here one reasonably should know, to sell, lend, rent, lease, give, exchange, or otherwise distribute to any person any drug paraphernalia.
 B. It is unlawful for any person or corporation, knowing, or under circumstances where one reasonably should know, to display for sale or possess with the intent to distribute, any drug paraphernalia.
A reasonable interpretation of this particular provision would lead to a clear result that selling any drug paraphernalia is prohibited. Penalties for violation of this or any other provision in the same section are outlined in Louisiana Revised Statute 40:1025, which includes both fines and imprisonment. The purpose of the above provision is to reduce the availability of drug paraphernalia to society in the hopes that this will curtail drug abuse. Considering the statutory language and the legislative purpose, one would reasonably conclude that the Village is justified in requesting the store owner to cease selling the paraphernalia.
Louisiana Revised Statute 40:1021 (formerly LA R.S. 40:1031) states, in pertinent part:
 The term "drug paraphernalia" shall mean and include but not be limited to:
 (1) All equipment, products, and materials of any kind which are used, intended for use, or designed for use in . . . manufacturing, compounding, converting, producing, processing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing to the human body a controlled substance in violation of the Uniform Controlled Dangerous Substances Law, as scheduled in R.S. 40:964.
 (12) Objects used, intended for use, or designed for use in ingesting, inhaling, or otherwise introducing marijuana, cocaine, hashish, or hashish oil into the human body . . .
Louisiana Revised Statute 40:1022 (formerly LA R.S. 40:1032) states, in pertinent part:
In determining whether an object is drug paraphernalia, a court or other authority shall consider, in addition to all other legally relevant factors, the following:
 (5) Direct and circumstantial of the intent of an owner . . . to deliver it to persons whom he knows or should reasonably know intend to use the object to facilitate a violation of the Uniform Controlled Dangerous Substances Law
 (9) The manner in which the object is displayed for sale
 (11) The existence and scope of legitimate use for the object in the community
 (12) Expert testimony concerning its use
The term "designed for use" includes "an item that is principally used with illegal drugs by virtue of its objective features, i.e., features designed by the manufacturer . . . a business person of ordinary intelligence would understand that this term refers to the design of the manufacturer, not the intent of the retailer or customer."Tobacco, 681 F.2d at 384.
From the initial opinion request, you indicated that the objects being sold include: what may be used as crack and methamphetamine pipes, marijuana grinders, and paper rollers. According to the language of LA R.S. 40:1021, these objects are designed for use in ingesting, inhaling, packaging, repackaging substances in violation of the Uniform Controlled Dangerous Substance Law. The paraphernalia is not limited to the listed definitions in the provision, and one can also use factors in LA R.S.40:1022 to determine if the objects are paraphernalia.
According to the clear language of the above mentioned statutes, the sale of drug paraphernalia is prohibited and is a violation of the Louisiana Drug Paraphernalia Act. It is unlawful for the store owner to sell drug paraphernalia, and the Village has the authority to request that the sale of such paraphernalia be ceased immediately.
I hope the foregoing Opinion has been responsive to your question.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:__________________________ JEFF HAND ASSISTANT ATTORNEY GENERAL